# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company,<br><br>      Plaintiff/Counterdefendant,<br><br>v.<br><br>FINTIE LLC, an Ohio corporation, and DOES 1-10,<br><br>      Defendants/Counterclaimants. | Case No. 2:19-cv-01685-JLG-EPD |

## PLAINTIFF TARGUS INTERNATIONAL LLC'S ANSWER TO DEFENDANT FINTIE LLC'S COUNTERLCAIMS

Plaintiff and Counterdefendant, Targus International LLC ("Targus") hereby submits its Answer to Defendant and Counterclaimant Fintie LLC's ("Fintie") Counterclaims. Responses herein correspond to the numbered paragraphs of the Counterclaims. To the extend not expressly admitted or qualified herein, each and every allegation of the Counterclaim is denied.

### The Parties

1. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies such allegations.

2. Admitted.

### Jurisdiction and Venue

3. Targus admits that Fintie has brought counterclaims that arise under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Targus also admits that subject matter jurisdiction exists over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

Targus denies that the Court has any subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. Targus denies the remainder of Paragraph 3.

4. Paragraph 4 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, Targus admits that venue is proper for Fintie's counterclaims.

5. Admitted.

6. Admitted.

## Factual Background

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Targus admits that it sent a letter dated January 3, 2018, to Fintie, identifying the '449 patent, the '458 patent, the '611 patent, and others. Targus lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies such allegations.

13. To the extent Paragraph 13 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

14. To the extent Paragraph 14 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

15. Targus admits that the '861 patent issued on November 27, 2018. Targus lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies such allegations.

16. Paragraph 16 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

17. To the extent Paragraph 17 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

18. To the extent Paragraph 18 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

19. To the extent Paragraph 19 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

20. To the extent Paragraph 20 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

21. To the extent Paragraph 21 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

22. To the extent Paragraph 22 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

23. To the extent Paragraph 23 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

24. To the extent Paragraph 24 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

25. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies such allegations.

26. Targus admits that Javo Edge Intl. LLC is not Targus's affiliate. Targus lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies such allegations.

27. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies such allegations.

28. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies such allegations.

29. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies such allegations.

30. Targus lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies such allegations.

31. Paragraph 31 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, Targus lacks

knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

32. To the extent Paragraph 32 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

33. To the extent Paragraph 33 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

34. To the extent Paragraph 34 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

35. Targus admits that Fagerdala Foam Material (Shanghai) Co., Ltd. is not Targus's affiliate. Targus lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies such allegations.

36. Paragraph 36 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

37. To the extent Paragraph 37 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

38. To the extent Paragraph 38 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

39. To the extent Paragraph 39 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

40. To the extent Paragraph 40 quotes or references documents that speak for themselves, no response is required. To the extent a response is required, Targus lacks knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

## First Counterclaim

## Declaratory Judgment of Non-Infringement of the '449 Patent

41. Paragraph 41 contains no allegations to which a response is required.
42. Denied.
43. Admitted.
44. Denied.
45. Denied.

## Second Counterclaim

## Declaratory Judgment of Invalidity of the '449 Patent

46. Paragraph 46 contains no allegations to which a response is required.
47. Admitted.
48. Denied.

## Third Counterclaim

## Declaratory Judgment of Non-Infringement of the '458 Patent

49. Paragraph 49 contains no allegations to which a response is required.

50. Denied.
51. Admitted.
52. Denied.
53. Denied.

### Fourth Counterclaim

### Declaratory Judgment of Invalidity of the '458 Patent

54. Paragraph 54 contains no allegations to which a response is required.
55. Admitted.
56. Denied.

### Fifth Counterclaim

### Declaratory Judgment of Non-Infringement of the '611 Patent

57. Paragraph 57 contains no allegations to which a response is required.
58. Denied.
59. Admitted.
60. Denied.
61. Denied.

### Sixth Counterclaim

### Declaratory Judgment of Invalidity of the '611 Patent

62. Paragraph 62 contains no allegations to which a response is required.
63. Admitted.
64. Denied.

### Seventh Counterclaim

### Declaratory Judgment of Non-Infringement of the '861 Patent

65. Paragraph 65 contains no allegations to which a response is required.
66. Denied.
67. Admitted.
68. Denied.

69. Denied.

## Eighth Counterclaim

## Declaratory Judgment of Invalidity of the '861 Patent

70. Paragraph 70 contains no allegations to which a response is required.

71. Admitted.

72. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

73. The Counterclaims, and the purported claim therein, fails to state facts sufficient to constitute a claim for relief against Targus.

### Second Affirmative Defense

### (Lack of Subject Matter Jurisdiction)

74. The Court lacks subject matter jurisdiction over Fintie's Counterclaims for declaratory judgment under 28 U.S.C. § 2201 and 2202.

### Third Affirmative Defense

### (Limitations on Costs)

75. Fintie is precluded from recovering costs as it has failed to state a claim against Targus.

### Fourth Affirmative Defense

### (Equitable Defenses)

76. On information and belief, Fintie's claim for relief is barred in whole or in part by equitable doctrines including, but not limited to, equitable estoppel and/or other doctrines.

## PRAYER FOR RELIEF

WHEREFORE, Targus prays for judgment in its favor as follows:

1. Fintie take nothing by reason of its counterclaims;

2. That this Court enter judgment in favor of Targus and against Fintie for the counterclaims;

3. That Targus be awarded its costs of suit, including attorneys' fees;

4. For all such relief the Court deems just and proper.

Dated:  June 26, 2019                              By:  /s/ Jenny S. Kim

Nathaniel L. Dilger (CA SBN 196203)
(*Admitted Pro Hac Vice*)
ndilger@onellp.com
Jenny S. Kim (CA SBN 282562)
(*Admitted Pro Hac Vice*)
jkim@onellp.com
**ONE LLP**
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2875
Facsimile:  (949) 258-5081

Kevin T. Shook (OH SBN 0073718)
(Trial Attorney per Local Civil Rules 83.4 and 83.5)
kshook@fbtlaw.com
**FROST BROWN TODD, LLC**
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Telephone:  (614) 559-7214
Mobile:  (614) 323-5362
Facsimile:  (614) 464-1737

Attorneys for Plaintiff
Targus International LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4000 MacArthur Boulevard, East Tower, Suite 500, Newport Beach, California 92660.

    On June 26, 2019, I caused the document(s) listed below to be served to the address(es) and by the method of service described as follows:

**PLAINTIFF TARGUS INTERNATIONAL LLC'S ANSWER TO DEFENDANT FINTIE LLC'S COUNTERLCAIMS**

| | |
|---|---|
| F. Michael Speed, Jr. (OH SBN 0067541)<br>mspeed@standleylllp.com<br>Beverly A. Marsh (OH SBN 0080935)<br>bmarsh@standleyllp.com<br>**STANDLEY LAW GROUP LLP**<br>litigation@standleyllp.com<br>6300 Riverside Drive<br>Dublin, Ohio 43017<br>Telephone: (614) 792-5555<br>Facsimile: (614) 792-5536<br><br>*Attorneys for Defendant/<br>Counterclaimant Fintie LLC* | Kevin T. Shook (OH SBN 0073718)<br>kshook@fbtlaw.com<br>**FROST BROWN TODD, LLC**<br>One Columbus, Suite 2300<br>10 West Broad Street<br>Columbus, OH 43215-3484<br>Telephone: (614) 559-7214<br>Mobile: (614) 323-5362<br>Facsimile: (614) 464-1737<br><br>*Attorneys for Plaintiff<br>Targus International LLC* |

[ X ]  (BY EMAIL)

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 26, 2019 at Newport Beach, California.

*[signature]*
Lisa Hyska

---

**ANSWER TO COUNTERCLAIMS**